UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No.: 19-cv-23677-KMM/Becerra

TOMASA DELGADO,

    Plaintiff,

v.

ANDREW SAUL,
ACTING COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S PETITIONFOR EAJA FEES PURSUANT TO 28 U.S.C. § 2312(d) AND REQUEST FOR HEARING

This matter is before the Court on Plaintiff Tomasa Delgado's ("Plaintiff") Petition For EAJA Fees Pursuant to 28 U.S.C. § 2312(d) and Request For Hearing (the "Petition"). ECF No. [29]. Defendant Andrew Saul ("Defendant" or "Commissioner") filed Defendant's Response To Plaintiff's Petition For Attorneys' Fees ("Response"). ECF No. [30]. After due consideration of the Petition, the pertinent portions of the record, and being otherwise fully advised in the premises, Plaintiff's Petition, ECF No. [29], is **GRANTED IN PART and DENIED IN PART**. For the reasons discussed below, Plaintiff should be awarded **$6,055.25** in attorneys' fees and **$13.70** in expenses payable to her counsel, Mark Zakhvatayev, less any federal debt Plaintiff may owe.

**I.    BACKGROUND**

On September 4, 2019, Plaintiff filed the instant Complaint seeking judicial review of Defendant's final decision denying Plaintiff's claim for disability benefits under the Social

1

Security Act. ECF No. [1]. On January 2, 2020, Plaintiff filed her Motion for Summary Judgment, ECF No. [17], and Defendant filed his Motion for Summary Judgment on February 3, 2020, ECF No. [21]. On August 18, 2020, the undersigned entered a Report and Recommendation denying Defendant's Motion for Summary Judgment and granting in part and denying in part Plaintiff's Motion for Summary Judgment. ECF No. [25] at 2. Specifically, the undersigned recommended that the Administrative Law Judge's ("ALJ") decision be reversed and remanded. *Id.* The District Court adopted the undersigned's Report and Recommendation on September 9, 2020, remanding the case back to the Commissioner. ECF No. [26].

On December 7, 2020, Plaintiff filed the instant Petition requesting $8,208.25 in attorneys' fees, $12.00 in paralegal fees, and $13.70 in expenses under the EAJA.[1] ECF No. [29]. On December 16, 2020, Defendant filed his Response alleging that Plaintiff's request for forty hours in attorneys' fees is unreasonable and should be reduced by twelve hours. ECF No. [30] at 5–8, 9. Upon the request of Plaintiff, on June 10, 2021, the undersigned heard argument on Plaintiff's Petition. ECF No. [32].[2]

---

[1] Plaintiff also filed a Petition For EAJA Fees pursuant to 28 U.S.C. § 2312(d), ECF No. [27], on December 4, 2020 ("Initial Petition"). Plaintiff's Initial Petition stated that Defendant would not agree to more than twenty-eight hours in attorneys' fees. ECF No. [27] at 17. In its Response, Defendant contends that Plaintiff's Initial Petition inaccurately represents the email correspondence between the parties because although Defendant had initially offered Plaintiff twenty-eight hours, it then offered Plaintiff twenty-nine hours in a subsequent email. ECF No. [30] at 3–4. Plaintiff filed the instant Petition, ECF No. [29], in order to correct this issue. However, Defendant now argues that the instant Petition "incorrectly state[s] [that] Defendant's counsel offered no more than 29 hours in the initial and subsequent emails." ECF No. [30] at 4. Defendant requests that this Court reduce Plaintiff's compensable hours to no more than twenty-eight hours. *Id* at 9.

[2] Defendant, in its Response, requests that the Court deny any requests for attorneys' fees related to the oral argument it requested because no oral argument was necessary. ECF No. [30] at 9. Given that the undersigned granted the request for hearing primarily to address the manner in which Plaintiff conferred, Plaintiff will not be awarded any additional fees for the argument that took place on June 10, 2021.

## II.   ANALYSIS

### A. Plaintiff Is Entitled To Recover Attorneys' Fees Under The EAJA.

Under the EAJA, a party is entitled to an award of attorneys' fees if: (1) the party prevailed in a non-tort suit involving the United States, (2) the Government's position was not substantially justified, (3) the party timely filed an application for attorneys' fees, (4) the party had a net worth of less than $2,000,000.00 when the complaint was filed, and (5) no special circumstances would make the award of fees unjust. *See* 28 U.S.C. § 2412(d). A plaintiff in a social security appeal prevails if the court orders a "sentence-four remand." *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993), *superseded by statute on other grounds*. "An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry." *Delaney v. Berryhill*, No. 17-81332-CIV-BRANNON, 2018 WL 7820219, at *1 (S.D. Fla. Nov. 14, 2018); *see Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) ("The 30–day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."). An EAJA request must allege that the Government's position was not substantially justified, which then shifts the burden to the Commissioner to show that it was. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160 (1990); *see also U.S. v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997).

Here, Plaintiff is entitled to an EAJA award because she has met all five conditions. First, it is undisputed that Plaintiff prevailed in this case because on September 9, 2020, the District Court granted, in part, Plaintiff's Motion for Summary Judgment and remanded the case to the Commissioner. ECF No. [26]. Second, Plaintiff's Petition alleges that the Commissioner's position was not substantially justified, and the Commissioner failed to argue

otherwise. ECF Nos. [29] at 14–15, [30]. Third, Plaintiff's Petition was timely filed.[3] Fourth, Plaintiff's Petition alleges that her net worth did not exceed $2,000,000.00 at the time the Petition was filed. ECF No. [29] at 2. Finally, the Commissioner does not contend that this case presents a special circumstance, and none is apparent to the Court. Accordingly, the Court finds that all five conditions have been met in this case and Plaintiff is entitled to an EAJA award. The Court must now determine whether the requested amount is reasonable.

### B. Plaintiff Should Recover $6,055.25 In Attorneys' Fees.

In order to determine the reasonable amount, the Court first looks to the hourly rate that is requested and then to the number of hours that are being sought. *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). For the reasons noted below, although the hourly rate Plaintiff requested is reasonable, the number of hours sought is excessive and should be reduced.

### i. Attorney Mark Zakhvatayev Should Be Compensated At An Hourly Rate Of $205.00 For Work Performed In 2019 And $207.50 For Work Performed In 2020.

As to the hourly rate, the EAJA "establishes a two-step analysis for determining the

---

[3] Specifically, Plaintiff's Petition was filed on December 7, 2020, which was in advance of May 9, 2021—the thirty-day deadline of the District Court's September 9, 2020 Order, ECF No. [26], becoming a final non-appealable judgment. *See Shalala*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended."). Here, because the District Court did not issue a separate document of judgment, its September 9, 2020 Order, ECF No. [26], did not become a judgment, within the meaning of Federal Rule of Civil Procedure 58, until 150 days later or February 6, 2021. *See* Fed. R. Civ. P. 58; *see also Cruz v. Berryhill*, 347 F. Supp. 3d 1199, 1203 (S.D. Fla. Oct. 16, 2018), *report and recommendation adopted*, No. 16-CV-21307-KMM, 2018 WL 6620136 (S.D. Fla. Nov. 16, 2018). Because February 6, 2021 was a Saturday, the operative date is Monday, February 8, 2021. *See Id.* at 1203 n.6; *See also* Fed. R. Civ. P. 6(a)(1)(C). In addition, because the Commissioner had sixty days to appeal, the District Court's September 9, 2020 Order did not become a final non-appealable judgment until Friday, April 9, 2021— sixty days from February 8, 2021. *See Baez v. Comm'r of Soc. Sec.*, 760 Fed. Appx. 851, 855 (11th Cir. 2019) (citing Fed. R. App. P. 4(a)(1)(B) ("Because a United States officer is a party to this action, the government had sixty days to appeal after entry of judgment."); *see also Shalala*, 509 U.S. at 303 ("EAJA's 30-day time limit runs from the *end* of the period for appeal, not the *beginning*.").

appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Id.* at 1033. The first step "is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34. In addition, the EAJA provides that attorneys' fees "shall be based upon prevailing market rates for the kind and quality of the services furnished" but "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The EAJA, therefore, expressly provides for a cost-of-living adjustment. *Sensat v. Berryhill*, No. 15-24727-CIV-SIMONTON, 2018 WL 5257143, at *6 (S.D. Fla. Oct. 22, 2018). Indeed, the application of the cost-of-living adjustment is considered "next to automatic."[4] *Meyer*, 958 F.2d at 1035 n.9. When the work performed is over the course of several years, the hourly rate should be calculated to correspond to the cost of living for each year that the work was performed, not the rate at the time when the award is made. *Sensat*, 2018 WL 5257143, at *6 (collecting cases).

Here, Plaintiff is represented by attorney Mark Zakhvatayev ("Mr. Zakhvatayev"). ECF No. [29]. According to Mr. Zakhvatayev's Declaration, he has been a licensed attorney since 2010. *Id.* at 6–7. Additionally, Mr. Zakhvatayev submitted a "Schedule of Hours" for his work on the above captioned matter indicating that he dedicated a total of 36.70 hours in 2019, and 3.3

---

[4] After *Meyer*, Congress increased the hourly rate from $75.00 per hour to $125.00. *See* 28 U.S.C. § 2412(d)(2)(A). The Court has adjusted the two-step analysis to account for this change in hourly rate.

hours in 2020. *Id.* at 10–12. According to Plaintiff, Mr. Zakhvatayev's requested hourly rates—$205.00 in 2019, and $207.50 in 2020—reflect the cost-of-living adjustment for each of the years spent working on this matter. *Id.* The undersigned agrees that the proposed calculation of the hourly rate for each year is correct.[5]

### ii. The Number Of Attorney Hours Requested By Plaintiff Should Be Reduced By 10.5 Hours.

The fee applicant bears the burden to establish that the hours for which fees are sought were "reasonably expended on the litigation." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 435 (11th Cir. 1999). Reasonable hours are "billable hours—that is, work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988) (citing *Norman v. Hous. Auth. Of City of Montgomery*, 836 F.2d at 1291, 1301 (11th Cir. 1988). In the Eleventh Circuit, "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." *Norman*, 836 F.2d at 1306. "[A] court may reduce excessive, redundant or otherwise unnecessary hours in the exercise of billing judgment." *Perkins*, 847 F.2d at 738 (citing *Norman*, 836 F.2d at 1301). "Courts are not authorized to be generous with the money of others,

---

[5] The change in the cost-of-living (CCL) is calculated by taking the Annual CPI rate for the year in which the legal services were rendered, subtracting from it the March 1996 rate (which is 155.7), and dividing the difference by the March 1996 rate. *See Sensat*, 2018 WL 5257143, at *6 n.12. The CCL is then multiplied and added to the statutory rate of $125.00 to find the adjusted hourly rate. *Id.* The data used for calculation are "available at http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button, then check the box next to "include annual averages" and click on "GO" button)." *Id.* Using the steps outlined in *Sensat*, the CCL for 2019 is ((255.657- 155.7) ÷ 155.7 = (99.957) ÷ 155.7 = 0.6420), and the adjusted hourly rate is $205.25 ((0.6420× 125) + 125 = 205.25). For 2020, the CCL is ((258.811- 155.7) ÷ 155.7 = (101.857) ÷ 155.7 = 0.6622), and the adjusted hourly rate is $207.78 ((0.6542× 125) + 125 = 207.78). Plaintiff's requested hourly rates do not exceed the rates computed above.

6

and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at 428. Purely clerical tasks such as faxing, mailing, filing, or converting documents to PDF are not considered reasonable hours and are therefore not recoverable under the EAJA. *See Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999); *see also Sensat*, 2018 WL 5257143, at *4 (finding that plaintiff could not be awarded fees for clerical work performed).

Here, Plaintiff submits that her counsel, Mr. Zakhvatayev, expended a total of 40.00 hours in furtherance of this action. ECF No. [29] at 3. Plaintiff's Petition also includes counsel's time records which describe the tasks performed, the date the tasks were performed, and the amount of time spent to perform the tasks. *Id.* at 10–13. Mr. Zakhvatayev's work on this case consisted largely of reviewing "1,004 pages of transcript" and case filings, preparing Plaintiff's Motion for Summary Judgment, and preparing the instant Petition. *Id.* As such, Plaintiff argues that Mr. Zakhavateyev's request of 40.00 hours is reasonable.

Defendant contends that those hours are excessive and should be reduced by twelve hours. ECF No. [30] at 9. Defendant provides three reasons to support such reduction. *Id.* at 4–8. First, Defendant argues that Plaintiff has failed to show why her case is novel or complex, and that the range of hours for a typical EAJA petition, such as Plaintiff's, is between twenty and thirty hours. *Id.* at 5. Second, Defendant claims that Mr. Zakhvatayev's schedule of hours included redundant and excessive tasks. *Id.* at 7. Finally, Defendant argues that Plaintiff's review of short, routine documents is clerical and should not be compensable. *Id.* at 8.

Defendant argues that seven entries included in Plaintiff's schedule of hours are non-compensable because they were billed for clerical tasks. ECF No. [30] at 8. The entries Defendant contests consist of 0.1 hours for reviewing the judge assignment, 0.1 hours for reviewing an order

granting motion to proceed in forma pauperis, 0.1 hours for reviewing proof of service, 0.1 hours for reviewing a scheduling order, 0.1 hours for reviewing a notice of appearance, and a total of 0.2 hours for reviewing a notice of reassignment on two separate dates. *Id.* The undersigned finds that Plaintiff's request should be reduced by 0.5 hours, given the perfunctory nature of five entries, including 0.1 hours for reviewing judge assignment, 0.1 hours for reviewing proof of service, 0.1 hours for reviewing a notice of appearance, and 0.2 hours for reviewing two notices of reassignment.

Upon review of the record, the undersigned finds that a reduction in the hours requested is warranted. Although Plaintiff's request of 3.7 hours for reviewing the transcript is reasonable given the length of the transcript, the undersigned finds that Plaintiff's request of 30.8 hours for preparing and drafting the Motion for Summary Judgment is excessive. Plaintiff's Motion for Summary Judgment was eighteen-pages long and addressed issues that, for the most part, were common and routinely addressed in social security cases. Indeed, as to the issue that resulted in the remand, the briefing on that matter was not particularly complex nor lengthy. As such, the undersigned finds that 20.8 hours for drafting and preparing the Motion for Summary Judgment in this case is reasonable. *See Spitler v. Comm'r of Soc. Sec.,* No. 2:19-CV-671-FTM-MRM, 2020 WL 7753651, at *4 (M.D. Fla. Oct. 2, 2020) (reducing the number of hours attorneys Carol Avard and Mark Zakhvatayev requested for preparing the plaintiff's fifteen page brief from 29.5 to 21.5 to compare with similar cases); Report and Recommendation on Unopposed Petition for Attorney's Fees, *Polit v. Berryhill,* No. 1:18-CV-21570-KMM (S.D. Fla. Feb. 22, 2019), ECF No. [21], *report and recommendation adopted,* No. 1:18-CV-21570-KMM (S.D. Fla. Apr. 1, 2019), ECF No. [22], (finding that an award of 19.1 hours in connection with preparing the plaintiff's motion for summary judgment was reasonable); *Sensat,* 2018 WL 5257143, at *3–4 (reducing the

plaintiff's request of 41.3 hours for preparing the motion for summary judgment and awarding 18.6 hours instead).

In sum, Plaintiff should recover a total of 29.5 hours, including 20.8 hours for preparing Plaintiff's Motion for Summary Judgment, 2.3 hours for preparing the instant Petition, and 6.4 hours for other work generally performed throughout Plaintiff's case, including counsel's meetings with Plaintiff and reviewing the case transcript. *Id.* Given that Plaintiff should be compensated at an hourly rate of $205.00 for 26.4 hours worked in 2019 ($5,412.00), and $207.50 for 3.1 hours worked in 2020 ($643.25), Mr. Zakhvatayev should recover attorneys' fees in the amount of $6,055.25, less any government debts Plaintiff owes.

### iii.    The Paralegal Hours Requested Are Non-Compensable Clerical Tasks.

Plaintiff also requests 0.2 paralegal hours for "filing [the] Motion for Summary Judgment." ECF No. [29] at 11. Defendant argues that the paralegal hours are not compensable because the work was purely clerical. ECF No. [30] at 3, 8. The undersigned agrees.

Although fees for paralegal services customarily billed to a client are recoverable under the EAJA, *see Richlin Sec. Serv. v. Chertoff*, 553 U.S. 571, 590 (2008), purely clerical tasks that require no legal skill should not be billed regardless of who performs them. *Spegon*, 175 F.3d at 553. Here, the 0.2 paralegal hours requested for filing the Motion for Summary Judgment is clerical and therefore unrecoverable. *See Lilley v. Saul*, 20-80044-CIV, 2020 WL 8278282, at *1 (S.D. Fla. Dec. 28, 2020), *report and recommendation adopted in part, rejected in part,* 20-80044, 2021 WL 271518 (S.D. Fla. Jan. 27, 2021) (declining to award Mr. Zakhvatayev's request of 0.2 hours in paralegal fees for filing the plaintiff's motion for summary judgment).

### iv.    Attorney Mark Zakhvatayev Should Recover $13.70 In Expenses.

Plaintiff also requests $13.70 in expenses for certified mailing fees. ECF No. [29] at 1, 12.

Specifically, Plaintiff requests two mailings at $6.85 each. *Id*. The EAJA authorizes the award of costs and expenses. *Lilley*, 2020 WL 8278282, at *4; *see also Peardon v. Comm'r of Soc. Sec.*, No. 16-CV-219-ORL-41GJK, 2017 WL 3917615, at *2 (M.D. Fla. Aug. 24, 2017), report and recommendation adopted, 2017 WL 3896445 (M.D. Fla. Sept. 6, 2017). Defendant does not contest Plaintiff's request for the expenses incurred, and the undersigned finds that such expenses are reasonable and recoverable under the EAJA. As such, Mr. Zakhvatayev should be awarded $13.70 in expenses.

### C. The Attorneys' Fee Award Should Be Payable To Plaintiff's Counsel.

The undersigned next evaluates whether the award of attorneys' fees should be payable to Plaintiff or Plaintiff's attorney. In *Astrue v. Ratliff*, the Supreme Court held that EAJA fee awards are awarded to the litigant, rather than to the litigant's attorney, and therefore EAJA fee awards are subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States. 560 U.S. 586, 589 (2010). The Supreme Court noted that nothing in the statute or its holding affects the prevailing party's contractual right to assign his or her right to receive the fee to an attorney. *Id.* at 596–98; *Montgomery v. Comm'r of Soc. Sec.*, No. 6:17-CV-1886-ORL-GJK, 2019 WL 2515824, at *1 (M.D. Fla. Feb. 6, 2019). In order for an assignment to be valid, it must comply with the Anti-Assignment Act, 31 U.S.C. § 3727(b). *Milanes v. Berryhill*, No. 15-CV-23171-MCALILEY, 2017 WL 3493145, at *2 (S.D. Fla. Aug. 14, 2017).[6] However,

---

[6] The Anti-Assignment Act states in pertinent part that:

> [A] transfer or assignment of any part of a claim against the United States . . . or the authorization to receive payment for any part of the claim . . . may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate

the Government can waive the requirements of the Anti-Assignment Act. *Sensat*, 2018 WL 5257143, at *7 n.14; *see Arthur Pew Const. Co. v. Lipscomb*, 965 F.2d 1559, 1576 (11th Cir. 1992) (holding that the government may recognize the assignment of its obligations to another and waive the protection of anti-assignment statutes if it chooses); *see also Delmarva Power & Light Co. v. United States*, 542 F.3d 889, 893 (Fed. Cir. 2008) (holding that the government may waive the Anti–Assignment Act's prohibition in § 3727(a) against the assignment of claims).

Here, Plaintiff's Petition requests that the awarded fees be paid directly to Plaintiff's attorney. Plaintiff's Petition refers to an Assignment of EAJA Fees ("Assignment") executed by Plaintiff that was filed at the time of the Complaint. ECF No. [29–1]. Specifically, Plaintiff's Assignment states that she "hereby assign[s] any court awarded EAJA attorney[s'] fees and costs, for federal court work only, to my attorney." *Id.* The Assignment is signed by Plaintiff. *Id.* However, Plaintiff's Assignment fails to comply with the Anti-Assignment Act. Specifically, the Assignment does not satisfy the requirements of the Anti-Assignment Act because it: (1) was not attested by two witnesses, and (2) was not certified by an official. *Id.* However, the Commissioner has not objected to the Assignment or to Plaintiff's request that the attorneys' fee award be paid directly to Plaintiff's counsel. However, although the Assignment failed to comply with the requirements of the Anti-Assignment Act, the undersigned finds that the Commissioner has waived the requirements of the Anti- Assignment Act. *See Milanes*, 2017 WL 3493145, at *2 (noting that the commissioner had waived the requirements of the Anti-Assignment Act, subject to the plaintiff owing a federal debt, even though the assignment did not

---

shall state the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. §§ 3727(a)–(b).

11

satisfy the requirements of the Anti-Assignment Act). Accordingly, the attorneys' fee award should be payable to Plaintiff's counsel, Mr. Zakhvatayev, subject to offset against any pre-existing debt Plaintiff may owe to the United States.

## III.     RECOMMEDATION

For the foregoing reasons, this Court **RECOMMENDS** that Plaintiff's Petition, ECF No [29], be **GRANTED in part and DENIED in part**. An award of **$6,055.25** in attorneys' fees, and **$13.70** in expenses, less any government debt Plaintiff owes, shall be made payable directly to Plaintiff's counsel.

## IV.     OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Any request for an extension of this deadline must be made within seven (7) calendar days from the date of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on June 22, 2021

_____
JACQUELINE BECERRA
United States Magistrate Judge